APRIL, 1843.                                      357

Application of the Mayor of New Orleans, &c., for the widening of Roffignac street.

## Application of the MAYOR AND SECOND MUNICIPALITY OF THE CITY OF NEW ORLEANS, for the widening of ROFFIGNAC STREET.

Under the provisions of the act of 3d April, 1832, regulating the opening and im-
  proving of streets and public places in the city of New Orleans and its suburbs, the
  court before which proceedings have been instituted, can, in no case, amend an as-
  sessment made by the commissioners.    The report must be approved or rejected
  *in toto ;* and in the last case, the court is bound either to appoint new commission-
  ers, or to refer the whole matter back to the same.    And on appeal, the supreme
  court can only pronounce such judgment as should have been given below, either re-
  jecting or approving the report ; it has no power to pronounce upon the rights of
  the parties, from the evidence in the record.
The act of 3d April, 1832, authorizing a municipal corporation to take the property
  of a citizen for the public use, to be paid for by others supposed to be benefitted
  thereby, being in derogation of the rights of property, must be strictly pursued.
Under the act of 3d April, 1832, proceedings instituted for the opening or improve-
  ment of any street or public place may be discontinued, on the payment of costs, at
  any time before the final confirmation by the court of the report of the assessors.
  No rights are acquired, or titles divested, until the assessment has been approved
  by the court.    Nothing in that act repeals the general provision of the Civil Code,
  art. 489, which declares that private property cannot be taken for public uses,
  without *previous* indemnity.

APPEAL from the District Court of the First District, *Bucha-nan*, J.

*Rawle,* for the petitioners.

*Woodruff, pro se,* and *R. N.* and *A. N. Ogden, Lockett* and *Benjamin,* for the other opponents.

BULLARD, J.    This is an appeal by the Second Municipality of the city of New Orleans, and of some proprietors of lots, from a judgment of the District Court, modifying a report of commission-ers, appointed for the assessment of damages which would result from the proposed widening of Roffignac street, in pursuance of the act of Assembly of 3d April, 1832, regulating the opening, laying out, and improving of the streets, and public places, in the city of New Orleans.

The proceeding has been pending for many years.    Two suc-cessive assessments had been made, by different commissioners, which were set aside as unsatisfactory.    On the presentation of a third report, oppositions were made, which the court thought

ought to be sustained; but, instead of setting aside the assessment, and referring the matter back to the same commissioners, or appointing new ones, the court undertook to modify and amend the assessment, and then approved it, as amended.    From this judgment, the present appeal was taken.

The court, in our opinion, erred.    The third section of the act provides, that any person whose rights are affected by an assessment, may make opposition, and the court may, after hearing any matter which may be specially objected, either confirm the report, or refer the same to the same commissioners, for revisal and correction, or to new commissioners; and so, from time to time, until a report shall be made or returned, which the court shall confirm.    It appears to us clear, under these provisions of the statute, that the court can in no case act as commissioners, and amend an assessment, according to the evidence before it.    The report must either be approved or rejected, and, in the latter event, the court is bound either to appoint new commissioners, or to refer the matter back to the same.    The statute which authorizes a municipal corporation to take the property of one citizen for the public use, to be paid for by others, who, it is supposed, will be benefitted thereby, being in derogation of the rights of property, must be strictly pursued.    This view of the case satisfies us, that the judgment must be reversed.

But it has been urged upon the court, that the evidence is all before us, and that we ought to put an end to this protracted contest, by pronouncing upon the rights of the parties.    It appears to us manifest, that we can only pronounce such judgment, as, in our opinion, ought to have been given below; and, if the District Court was bound to reject in toto, or approve, so are we. The evidence, in our opinion, justified the court in sustaining the opposition of Woodruff, at least.

But the Municipality moved to discontinue these proceedings.

This was strenuously, and successfully opposed by the creditors of Barret & Cannon, whose entire lot had been taken possession of by the Municipality, pending the proceedings, and left open as a part of the street.    The attorney of the Municipality still persists in his right to discontinue.    It cannot be pretended, that the title to the lot of Barret & Cannon is vested in the Muni-

cipality, by virtue of these proceedings. No rights are vested under the act of 1832, until an assessment has been approved by the court: until then, we are not prepared to say, that the corporation has any right to take possession of any property, proposed to be taken for public uses, without the consent of the proprietor. We see nothing in that act which repeals the general provision of the Code, declaring that the property of the citizen cannot be taken for public uses without *previous* indemnity. Whether the act of taking possession, under the circumstances shown in this case, amounts to a consent on the part of the Municipality, to pay for the lots, according to either of the appraisements made, during the course of these proceedings, is a question foreign to the one we are now considering, to wit, whether the Municipality has a right to discontinue, at any time before an assessment has been finally sanctioned by the court.

Our statute is almost a copy of one in New York, regulating the opening and improving of streets. The proceedings are substantially the same. In the execution of that law, it appears to have been uniformly considered, that until a report is finally approved, even after one has been, in part satisfactory, but referred back to commissioners for amendment, no rights are acquired or titles divested. In·the case relative to the opening of Anthony street, 20 Wen. 618, the Supreme Court of that State fully recognized this doctrine; and the right of the corporation to discontinue proceedings at any time before the final confirmation of the report, was distinctly admitted. See also, 11 Wend. 154.

It is therefore adjudged and decreed that the judgment of the District Court be reversed; and it is further considered that this proceeding, on the part of the Municipality, be discontinued, on the payment of costs in both courts.