Hullin, Syndic, and another v. The Second Municipality of New Orleans.

JAMES B. HULLIN, Syndic of the Creditors of Thomas Barrett, an Insolvent, and RICHARD RICHARDSON, Syndic of the Creditors of of Maurice Cannon, an Insolvent, *v.* THE SECOND MUNICIPALITY OF NEW ORLEANS.

Where proceedings instituted by one of the Municipalities of New Orleans, under the act of 3 April, 1832, regulating the opening and improving of streets and public places, have been discontinued before any final confirmation by the court of the report of the assessors, the owners of property required for the improvement, and assessed at a certain price, cannot claim the amount on the ground of an implied sale, though the Municipality have taken possession of the premises. *Per Curiam:* The proceedings not having been perfected, the parties can claim no rights under them ; the plaintiffs can only demand the premises, or damages for the injury resulting from having been deprived of them.

APPEAL from the District Court of the First District, *Buchanan*, J.

*L. Janin* and *Benjamin*, for the appellants.

*Micou* and *Rawle*, for the defendants.

MARTIN, J. The plaintiffs claim the price of a lot of ground, the joint property of their insolvents, taken possession of by the defendants for the purpose of widening Roffignac street. The proceedings begun by the Municipality in order to acquire the property of the said lot, having been discontinued, notwithstanding the strenuous and successful opposition of the present plaintiffs in the District Court, whose judgment was reversed (4 Rob. 357), we then expressed our opinion, that it could not be pretended that the title to the lot was vested in the Municipality, by virtue of those proceedings ; but we added that, whether the act of taking possession under the circumstances then shown, amounted to a consent on the part of the Municipality to pay for the lots, according to either of the appraisements made during the course of said proceedings, was a question foreign to the one we were then considering, to wit, whether the Municipality had a right to discontinue.

The present suit has for its object to obtain a judicial opinion on the question which we declared to be foreign to that which was decided by us. The petition urges the existence of an implied contract to pay the value of the premises, under which the

transfer of said property to the Municipality became complete, as well as the right of plaintiffs to the price. The District Court dismissed the petition, being of opinion that the pretensions of the plaintiffs were in direct opposition to the decision of this court in the case cited, and the plaintiffs appealed. Their counsel has not enabled us to discover that we may now express any opinion different from that on which the District Court has relied. The inchoate proceedings in said court never having been perfected, none of the parties thereto can claim any rights under them. Their respective rights are as yet such as they existed on the inception of those proceedings, unless damages may be claimed on grounds posterior to them. The plaintiffs may, therefore, demand the premises, or damages for the injury resulting from their having been deprived of them. But there being no express or implied contract of sale, there cannot be a claim for a price.

*Judgment affirmed.*