Bullard, J.
In the case of Hullin and Richardson, Syndics of Barrett and Cannon v. The Second Municipality, (11 Rob. 97,) we held, that there was no implied contract on the port of the defendant, arising out of the inchoate proceedings to open Roffig-nac street, and the taking possession of the lots, to pay the sum sued for, as the price of the property, — but that, in our opinion, the plaintiffs might claim the property, or damages for the injury resulting from their having been deprived of it, and that none of the parties could claim any rights under those inchoate proceedings.
In the present case, the owner of another lot, which was taken by the defendants, and retained by them and converted into a street, and thus devoted to public uses, sues for damages, which he estimates at the value of the lot, and that value is shown by proofs independently of the proceedings to open RofBgnac street.
The defendants answered to the petition, that Lawrence, the plaintiff, has no title to the property described in his petition ; and they deny all the allegations. In a supplemental answer, they repeat their denial of the plaintiff’s title, and further allege, that the proceedings to open Roffignac street have been discontinued.
The action is one of trespass, and the only defence is, first, that the property never belonged to the plaintiff; and secondly, that the Municipality has desisted from its plan of improving Roffig-nac street. But the plaintiff has shown that the lot was his property ; that it is worth four thousand one hundred dollars ; that it has been taken by the defendants, made part of a public thoroughfare, and dedicated to public uses. He sues for damages resulting from those unauthorized proceedings, and not for the price as agreed upon, either expressly or tacitly, by the defendants. It is not pretended, as in the case of Hullin, syndic, &c., *455 against the same defendants, that the property is subject to incumbrances, and that the plaintiff is acting en auter droit. It is true, that if the plaintiff in this action of trespass, should recover the value of his property, it would cease to be his; because his recovery and receiving the amount of damages, would imply his assent to the dedication of the lot to the public uses for which it was taken by the defendants. If the defendants had offered to make restoration, and to pay reasonable damages for the detention of the property, as in the last named case, the result might have been different. But they have chosen to rely exclusively on a defence, which is unsustained by the evidence, and we conclude that they are liable for the damages claimed.