## MATTER OF EXCHANGE ALLEY.

A report made by commissioners appointed, on an application to open a street, under the provisions of the stat. of 3 April, 1832, was recommitted with directions to make a new report within a certain delay, but no report was made within the time. Subsequently, after a rule had been taken by a party interested to show cause why the proceedings should not be dismissed, but before its trial, an amended report was filed, which, on a compromise between the plaintiff in the rule and the petitioners for opening the street, was confirmed and homologated. There was no evidence that the appellant, who was a party, had appeared, or had any knowledge of the proceedings after the recommitment of the report. *Held,* that no order of extension having been made when the period within which the report was to be returned was about to expire, the appellant cannot be bound by the *ex parte* homologation.

The stat. of 3 April, 1832, authorizing a municipal corporation to take the property of a citizen for public use, to be paid for by others supposed to be benefitted thereby, being in derogation of the rights of property, must be strictly construed.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Preaux*, for the Municipality. *Micou*, for the appellant. The judgment of the court (*King*, J. absent,) was pronounced by

SLIDELL, J. This proceeding has been conducted in an extremely dilatory and unsatisfactory manner; and the result has been a judgment affecting the rights of the appellant *Dussuau* without his presence, and, so far as we can judge by the record, without a proper opportunity afforded to him of being heard.

A report had been filed by the commissioners, which was opposed; and, on the 24th April, 1846, a judgment was signed referring back the report to the commissioners, twenty days being allowed to them to make a new report. No report was filed within the delay. On the 22d June, 1846, two of the parties interested, *Blanchard* and *Kain & Stroud*, moved to dismiss the proceedings, for want of compliance with this order. This motion was granted, with a qualification. The proceedings were dismissed with leave to the municipality to move to set aside the judgment within five days from the service thereof on the mayor, upon cause shown. A motion to reinstate was made within the delay fixed, and the cause was reinstated. Ten days was allowed the commissioners to file a new report. Within the ten days, on motion of the municipality, the delay for reporting was extended to two months. The commissioners again neglected to report within the delay, and no application was made to extend the time. In December, 1846, *Duncan* and *Blanchard*, as parties interested, obtained a rule on the municipality to show cause why the proceedings should not be dismissed. Before it was heard, the commissioners filed an amended report; *Duncan* and *Blanchard* opposed; the case was continued from time to time, and at length the opponents having made a compromise with the municipality, the report amended in pursuance of the compromise was confirmed and homologated.

There is no evidence in the record that *Dussuau* either appeared, or had any knowledge of these proceedings, after the order, in April, 1846, to send the case back to the commissioners. We are not prepared to say that a new notice by publication is necessary upon the filing of a new report. The case in 19 Wendell, 682, upon the similar statute of New York decides the reverse. If, from time to time, as the delay granted was about to expire, orders of extension had been made, it might perhaps be just to say that the appellant, having been once properly brought into court, should be held to implied notice of such extension. But where there were such repeated defaults on the part of the commissioners, unexcused by timely orders of continuance or extension, to hold the appellant to the *ex parte* judgment which has been rendered against him, would be to say, that he was bound to perpetual vigilance, in watching day by day the minutes of the court, while the municipality remained inactive, and the commissioners disregarded and disobeyed the orders of the court.

The power to expropriate the citizen against his will for purposes of public utility, is a power the exercise of which should be strictly construed; and in our opinion we should open the door to dangerous abuse, if we were to hold the appellant under proceedings so irregular as are presented by this record. See the case of the *Application of the Mayor, &c.*, 4 Rob. 358.

It is, therefore, decreed, that the judgment of the court below be reversed, and that this cause be remanded for further proceedings according to law; the appellee paying the costs of this appeal.