THE CITY OF NEW ORLEANS praying for the opening of Royal Street. MICHEL SOHR, et als., opponents.

In the matter of expropriation of property to public use, all the forms of law must be rigidly observed. Some of the signers of a petition to open a street must be those who possess a portion of the land on the projected street.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *A. J. Villeré*, for plaintiff and appellant. *E. Bermudez* and *Johnson & Denis*, et als., for defendants.

DUFFEL, J. On the 6th of April, 1858, the following petition was presented to the City Council: "To the President and Members of the City Council of New Orleans.

"The undersigned property owners, on and near Casacalvo street, between Louisa street and the tobacco warehouses, respectfully petition your honorable body to decree and order the opening of said Casacalvo street from Louisa to said tobacco warehouses, according to law."

This petition is signed by eight persons, with the addition of the number of feet of land owned by each of them.

The above application was made and based on the 121st section of the Act approved March 20th, 1856, to amend an Act to consolidate the city of New Orleans; &c., p. 136. The section reads as follows: "That whenever any owner or owners of real property, situate in the city of New Orleans, shall by petition, signed by the petitioner or petitioners, and addressed to the Common Council of said city, ask for the opening, widening, or straightening of a street or streets, *through their property*, and through other real property adjacent thereto, *setting forth in said petition*

*the length, width, and direction of said street or streets, together with a description of said other adjacent real property, and the names of the owners thereof,* said Common Council *shall,* if it deem the same to be for the public benefit, *cause said petition* to be published in French and. English in the official journal of said city for and during eight weeks, once in each week; and if, at the expiration of said publication so made *of said petition,* a majority of the owners of said other adjacent real property shall not, by petition, signed by the petitioner or petitioners, and addressed to said Common Council, object to the same, said Common Council shall, by resolution or otherwise, order *said street or streets so petitioned for,* to be opened, widened, or straightened, under and in accordance with the existing laws; and the whole cost of said opening, widening, or straightening of said street or streets, so made *as aforesaid,* shall be borne by the owners of the property affected by the same: provided, that no petition for opening, widening, or straightening said streets shall be presented to the Common Council during the months of July, August, or September."

The required publication of the petition was made, and a resolution was adopted by the City Council authorizing legal proceedings to be taken to open said Casacalvo street from Louisa to Desiré streets; and, pending the proceedings had for that object in the Second District Court of New Orleans, various oppositions were made by owners of property on the projected street. The principal grounds of opposition are: 1st that "the proceedings had before the City Council are irregular, null and void, and not binding, in as much as no petition was ever presented to said Council by owners of property, through whose property said street was to be opened. 2d. That no petition was ever presented to said Council setting forth the length, width and description of said street, nor through whose property said street was to be opened; nor a description of the adjacent property, and the names of the owners of the property to be affected by the opening of the said street. 3d. That no monition or citation was ever published to the owners of property to be affected by the opening of said street,"

The District Judge sustained the objections, decreed the nullity of the whole proceedings and rejected the report of the commissioners. The city appealed.

It is a well established rule that in matters of expropriation to public use, all the forms of [law must be rigidly observed. Matter of Roffignac street, 4 Rob. 357. Matter of Exchange Alley, 4 An. 4.

The evidence shows that none of the signers of the petition addressed to the Council possessed any portion of the land on which the projected street was traced, and we are of the opinion that the law imperatively requires that some such should join in the petition, and never contemplated that adjacent owners *only* could, by petition, require the opening of a new street wholly through their neighbors' property.

The objection that the oppositions on the above stated grounds come too late, and should have been made pending the publication of the peti-. tion, has no force, for the opponents were not called upon to interpose, neither their names nor a description of their property being inserted in the petition.

Judgment affirmed.

Voorhies, J., absent.